MICHAEL STEIGER, PLAINTIFF, v. THE ERIE RAILWAY
COMPANY, DEFENDANT.

*Common carrier — contract limiting liability — when carrier not liable.*

MOTION for a new trial upon exceptions ordered heard at the
General Term in the first instance. There were two causes of action
in the plaintiff's complaint. Upon one a verdict of $40.33 was
ordered for the plaintiff. The court held that the plaintiff was not
entitled to recover for the second cause of action. The plaintiff
moved for a new trial on the ground that this last decision was
erroneous.

The cause of action, disallowed by the court, was for damages
alleged to have been done to a car load of cattle shipped by plaintiff
from Buffalo to Elmira on defendant's road. At the shipment, in
consideration of low freight, plaintiff signed a contract by which he
assumed all risk of loss, damage or injury to the animals, in con-
sequence of injury to each other, or from heat, suffocation or crowd-
ing, or from delay of transportation or delivery, and released the
defendant therefrom. The plaintiff also agreed to load and unload
such stock at his own risk, the defendant furnishing laborers to
assist. Defendant also gave plaintiff a stock-drover's pass, in which
it was stated that he was in charge of the stock, and conductors of
that stock train were directed to pass him on defendant's road,
between Buffalo and Elmira. There were two routes from Attica
to Corning, one by way of Avon, and the other by way of Hor-
nellsville. The latter was usually the route taken by stock trains.
Plaintiff, on inquiry whether he could go to Hornellsville by an
express train, and there take the train on which his stock was, and
go with it to Elmira, was told he could. The train in which was
plaintiff's stock, was started by way of Hornellsville. By reason
of a strike among defendant's men at Hornellsville, the train was
recalled and sent by way of Avon, reaching Elmira some five
hours later than it would, if on time, by way of Hornellsville.
Plaintiff went to Hornellsville by express train and waited for the
stock train until he learned it had gone by way of Avon, when he
went to Attica and endeavored, but in vain, to overtake it, getting

to Elmira about three P. M. of the day on which the stock arrived at eight A. M. The stock remained upon the train for some time after it reached Elmira, and, by reason of heat, crowding, etc., one animal was so injured as to die soon after removal from the car. Plaintiff claims such loss was due to defendant's wrongful act in sending the train via Avon, instead of the usual route via Hornellsville, and to other wrongful and negligent acts of defendant in not giving notice of the arrival of the cattle at Elmira, and in not removing them from the cars, and in the delay.

The court at General Term *held*, that "by the law of this State it is settled, that a common carrier may by contract limit his or its liability in respect to the property carried. (*Cragin* v. *N. Y. C. R. R. Co.*, 51 N. Y., 61; *Penn* v. *Buff. and Erie R. R. Co.*, 49 id., 204; *Dorr* v. *N. J. Steam Nav. Co.*, 11 id., 485.) That the circumstances which had arisen, made it necessary to change the direction of the train, or the defendant would have been responsible for the consequences of the gross neglect of sending this property into great danger. (*Johnson* v. *N. Y. C. R. R. Co.*, 33 N. Y., 610.) That the defendant's duty was ended when the cattle were transported to Elmira. The plaintiff was bound to take notice of their delivery there, and to take care of and unload them.

The plaintiff's motion for a new trial was therefore denied, with costs against the plaintiff, and judgment ordered upon the verdict.

*S. B. Tomlinson*, for plaintiff. *G. M. Diven*, for defendant.

Opinion by BOARDMAN, J.

Present — LEARNED, P. J., BOARDMAN and JAMES, JJ.

New trial denied, and judgment ordered for defendant on the verdict.